(109 App. Div. 358.)

PEOPLE ex rel. BOARD OF HEALTH OF VILLAGE OF FRIENDSHIP v. FRIES.

(Supreme Court, Appellate Division, Fourth Department. November 15, 1905.)

MANDAMUS—SCOPE OF REMEDY—BOARD OF HEALTH—ORDERS—ENFORCEMENT.

    Laws 1903, p. 883, c. 383, amending Public Health Law, Laws 1893, p. 1506, c. 661, § 25, provides that every local board of health shall order the suppression and removal of nuisances. Section 26 declares that, if the owner or occupant of any premises whereon any nuisance exists fails to comply with any order for the removal thereof, the board or its servants and employés may enter the premises and suppress the nuisance, and section 31 (Laws 1903, p. 884, c. 383; Laws 1893, p. 1509, c. 661) provides that the performance of any duty or the doing of any act enjoined, prescribed, or required by the article may be enforced by mandamus. *Held*, that section 31 merely provided a remedy to compel boards and officers created by the act to do their duty, and that mandamus did not lie thereunder against the persons creating the nuisance to compel compliance with an order of a local board for its abatement.

    [Ed. Note.—For cases in point, see vol. 33, Cent. Dig. Mandamus, § 275.]

    McLennan, P. J., dissenting.

Appeal from Special Term, Alleghany County.

Mandamus by the people, on relation of the board of health of the village of Friendship, against George W. Fries. From an interlocutory judgment overruling a demurrer to an alternative writ, defendant appeals. Reversed.

The following is the opinion of Childs, J., in the court below:

The defendant, by demurring, admits the allegations of the writ which support the jurisdiction and proceedings of the relator, including the determination made on the 24th day of May, 1904, declaring the cesspool referred to in the papers to be a nuisance; also the service of the notice to abate such nuisance. The relator, the board of health of the village of Friendship, is organized under chapter 383, p. 883, of the Laws of 1903, an act to amend the public health law, and under the provisions of section 26 of that act had the right to go upon the premises of the defendant and abate the nuisance complained of; and it is the claim of the defendant that the relator is confined to that remedy and cannot enforce its order by mandamus. This claim presents the only question to be determined on this demurrer.

Section 31 of the act provides that "the performance of any duty or the doing of any act enjoined, prescribed or required by this article, may be enforced by mandamus at the instance of the state department of health or its president or secretary, or of the local board of health, or of any citizen of full age resident of the municipality where the duty should be performed or the act done." It is conceded that the relator has ample authority under the statute to abate the nuisance complained of, and under all general rules and in the absence of any statutory provision this would lead to sustaining the de-

fendant's demurrer. Under the statute quoted the writ may issue to enforce "the doing of any act enjoined, prescribed or required by this article." A careful examination of the act will not disclose any "act enjoined, prescribed or required" to be performed by any individual or corporation. It deals with the officers created by the act and prescribes their jurisdiction and duties. The act enjoined, prescribed, or required to be performed by an individual is in all cases such an act as the board of health shall require within the exercise of its duty and jurisdiction, and is the act referred to in this statute. Some effect must be given to the statute, and unless it affords a cumulative remedy, summary in its character, for the enforcement of the lawful order of a board of health, it is meaningless. It will not do to adopt the defendant's contention that section 31 applies only to the officers and boards created by the act, and can only serve to put them in motion in case they refuse to act. That power exists independent of this statute and its passage was wholly unnecessary for any such purpose. The Legislature had the right, by appropriate legislation, to authorize the enforcement of an order of a board of health by mandamus, although that writ had not been before used for that purpose; and, having done so, the relator was authorized to employ the writ in this case.

The defendant's demurrer must be overruled, with costs. So ordered.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, HISCOCK, and NASH, JJ.

Elliott & Bolles, for appellant.
James F. Ward, for respondent.

WILLIAMS, J. The interlocutory judgment should be reversed, with costs, and judgment ordered sustaining the demurrer, with costs.

The village of Friendship has a board of health, and the board is controlled by the provisions of chapter 383, p. 883, Laws 1903, amending the public health law, chapter 661, p. 1506, Laws 1893.

Section 25 of the amendatory act provides, among other things:

"Every such local board shall order the suppression and removal of all nuisances and conditions detrimental to life and health found to exist within the municipality."

Section 26 provides, among other things:

"If the owner or occupant of any premises whereon any nuisance or condition deemed to be detrimental to the public health exists * * * fails to comply with any order or regulation of any such local board for the suppression and removal of any such nuisance or other matter. * * * Such boards or their servants or employés may enter upon the premises to which such order or regulation relates, and suppress or remove such nuisance or other matter," etc.

Section 31 provides:

"The performance of any duty or the doing of any act enjoined, prescribed or required by this article may be enforced by mandamus at the instance of the state department of health, or its president or secretary, or of the local board of health, or of any citizen of full age resident of the municipality, where the duty should be performed or the act done."

The question involved in this appeal is whether under this section 31 mandamus is a proper remedy to compel an owner or occupant of premises, whereon a nuisance or condition detrimental to the public health exists, and who has been ordered so to do by the board of health to abate or remove such nuisance or condition, or whether the exclusive

remedy to compel such abatement or removal is found in section 26 of the act.

It is clear that the only authority for this use of a mandamus, if any, must be found in section 31. It could not be used for this purpose prior to the passage of this section. Under it the writ may issue "to enforce the doing of any act enjoined, prescribed or required by this article." Such acts as the one here sought to be enforced are nowhere in the act "enjoined, prescribed, or required" to be done by the individuals. The article deals with the boards and officers created by the article and prescribes their jurisdiction and duties. The act here sought to be enforced is one ordered and directed to be done, not by the statute, but by the board of health.

We think there was no intention by this section 31 to provide a cumulative remedy for the abatement and removal of nuisances in municipalities. The writ provided for was to compel boards and officers created by the act to do their duty, to act. It was not intended to be used against individuals not officials under the act. There is a complete remedy provided under section 26 of the act for this purpose, and the courts should not give a construction of section 31 not indicated by the language of that section and clearly not intended by the Legislature.

Interlocutory judgment reversed, with costs, and demurrer sustained, with costs. All concur, except McLENNAN, P. J., who dissents on opinion of CHILDS, J., delivered at Special Term.